```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

STEFANIE A. RICHMOND,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )    Case No. CIV-16-032-KEW
                                 )
NANCY A. BERRYHILL, Acting       )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## OPINION AND ORDER

Plaintiff Stefanie A. Richmond (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and the case is REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on May 13, 1969 and was 45 years old at the time of the ALJ's decision. Claimant completed her high school education and obtained vocational training to be a dental assistant. Claimant has worked in the past as a dental assistant, frond desk clerk at a motel and at a shipping facility, receptionist and assistant to a chimney cleaner and to a chiropractor, checker at a grocery store, and waitress. Claimant

3

alleges an inability to work beginning March 31, 2012 due to limitations resulting from irritable bowel syndrome, muscle and neck pain, fibromyalgia, migraine headaches, and PTSD.

**Procedural History**

On March 23, 2012, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On June 5, 2014, an administrative hearing was held by video before Administrative Law Judge ("ALJ") Doug Gabbard, II with Claimant appearing in Poteau, Oklahoma and the ALJ presiding from McAlester, Oklahoma. He issued an unfavorable decision on August 13, 2014. The Appeals Council denied review of the ALJ's decision on December 18, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) reaching an RFC which is not supported by substantial evidence; and (2) finding at step five that Claimant could perform other jobs.

**RFC Evaluation**

In his decision, the ALJ found Claimant suffered from the severe impairments of irritable bowel syndrome, malnutrition, fibromyalgia, anxiety disorder, affective disorder, and personality disorder. (Tr. 16). The ALJ determined Claimant retained the RFC to perform sedentary work except that she was limited to work which allows for the performance of simple unskilled work that can be learned on the job in a short period of time with little to no judgment making, occasional understanding, remembering, and carrying out detailed instructions, with simple, direct and concrete supervision and incidental interpersonal contact with supervisors and co-workers such as assembly work secondary to her underlying problem with maintaining extended periods of concentration and attention with regular work breaks and no work involving line production speed tasking and contact with the general public. (Tr. 17).

After consulting with a vocational expert, the ALJ concluded that Claimant could perform the representative jobs of document preparer and clerical worker, both of which the ALJ determined

5

existed in sufficient numbers in both the regional and national economies. (Tr. 25). As a result, the ALJ determined Claimant was not under a disability from March 31, 2012 through the date of the decision. (Tr. 26).

Claimant contends that the ALJ erred in his RFC assessment. Claimant first asserts that the ALJ failed to accommodate the limitations brought about by her fibromyalgia in the RFC. Claimant contends this condition causes painful range of motion in her neck and lower back. While the consultative physician, Dr. Wojciech L. Dulowski, found Claimant met the tender point testing criteria to establish a diagnosis of fibromyalgia, he did not find any range of motion limitations, joint problems, gait instability, or loss of manipulation. (Tr. 345-51).

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. See e.g. Coleman v. Chater, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), Madrid v. Astrue, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the

ability to work); Scull v. Apfel, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250, 1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). The ALJ was not required to presume that Claimant's fibromyalgia significantly limited her ability to engage in basic work activity without medical evidence to support such a restriction for the RFC.

Moreover, Claimant appears to fault the ALJ for failing to obtain medical source statements from the medical professionals. The regulations generally require that the adjudicators request medical source statements from acceptable medical sources with their reports. Soc. Sec. R. 96-5p. However, nothing in the regulations requires the reversal and remand of a case because such statements were not obtained. Indeed, the regulations expressly state that "the absence of such a statement in a consultative examination report will not make the report incomplete." 20 C.F.R. § 404.1519n(c)(6). Therefore, the failure of the ALJ to obtain a statement from any treating physician does not constitute reversible error. Robison v. Colvin, 2013 WL 5450261, *2-3 (E.D.Okla.).

Claimant next challenges the ALJ's RFC for failing to include a requirement to be near a bathroom because of her persistent diarrhea and vomiting brought about by her gastrointestinal issues.

7

Dr. N. Van Hoang noted Claimant suffered from anorexia, malnutrition, and chronic diarrhea. (Tr. 285-86). The ALJ concluded that the medical record did not establish that her irritable bowel syndrome symptoms required her to have immediate access to a bathroom and excessive rest breaks. He also found no problems in the record with incontinence or repetitive soiling on her person secondary to her unremitting irritable bowel syndrome were reported to Dr. Hoang or the medical attendants at the facilities in which she sought treatment. (Tr. 23). The record is indeed devoid of the level of restriction to which Claimant testified. While she reported diarrhea, the frequency and effect of the condition was never found to be remarkable in the medical records of her treating physician. No error is found in the failure to include further restrictions in the RFC for this condition.

Claimant also asserts that the RFC fails to include restrictions for her documented mental impairments. The medical record documents Claimant's anxiety, stress, depression, and social problems. (Tr. 278-79, 283-85, 296-97, 406, 438, 440). On November 8, 2012, Dr. Robert Spray, a consultative examiner, diagnosed Claimant with generalized anxiety disorder with PTSD issues, R/O bipolar II disorder and borderline personality disorder (provisional). He found no problems with self-care, social skills,

8

speech articulation, cognitive function, attention and concentration, and persistence. He did conclude that Claimant's anxiety-based symptoms could potentially interfere with her ability to complete tasks in a timely manner. (Tr. 332-35). The ALJ gave Dr. Spray's evaluation "great weight", concluding that the inability to complete tasks in a timely manner was accommodated in the RFC by not requiring her to work at production line speeds and providing for regular work breaks. (Tr. 24).

Speed of production does not equate with completing tasks in a timely manner. Production speed is a specific type of task incumbent in a particular job. Almost all jobs has some requirement for timely task completion. "[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." White v. Barnhart, 287 F.3d 903, 906 n. 2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence." Soc. Sec. R. 96-8p. The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work related activity the individual can perform based on evidence contained in the case record. Id.

9

The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Id. On remand, the ALJ shall address the restriction found by Dr. Spray - an opinion given great weight by the ALJ - concerning timely completion and modify the RFC as necessary to accommodate the restriction.

### Step Five Evaluation

Claimant also contends the ALJ's hypothetical questioning of the vocational expert was flawed since the questions did not include an accurate RFC. Since the ALJ will be evaluating Dr. Spray's opinion and further defining his RFC, he should also reassess his hypothetical questioning to accommodate any alterations to the RFC that he might make.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED this 31st day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE